# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BANCO DO BRASIL, S.A. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:09-cv-11343-NMG |
| ) | |
| v. ) | |
| ) | |
| 275 WASHINGTON STREET CORP., ) | |
| as it is Trustee of WASHINGTON ) | |
| STREET REALTY TRUST II, ) | |
| ) | |
| Defendant. ) | |

## BANCO DO BRASIL, S.A.'S ASSENTED-TO MOTION TO IMPOUND CERTAIN EXHIBITS TO THE AFFIDAVITS OF MILTON RODRIGUEZ, JR., KATHLEEN A. SCOTT AND CHARLES G. BERRY

Pursuant to the Court's Stipulated Protective Order (Docket No. 56) and Local Rule 7.2 of the Local Rules of the United States District Court for the District of Massachusetts, Plaintiff, Banco do Brasil, S.A. (the "Bank"), hereby respectfully requests that the Court impound certain confidential and/or highly confidential materials attached as exhibits to the May 11, 2012 Affidavits of Milton Rodriguez, Jr., Kathleen A. Scott and Charles G. Berry. More particularly, the Bank respectfully requests that the Court impound the following specific documents until further order of the Court: (1) Exhibits A and B to the Affidavit of Milton Rodriguez; (2) Exhibits A-2, C and D-2 to the Affidavit of Kathleen Scott; and (3) Exhibit G to the Affidavit of Charles G. Berry (collectively, the "Confidential Documents"). In light of this Motion, the Bank is filing the Confidential Documents conventionally under seal. In addition, the electronically filed versions of the Rodriguez, Scott, and Berry Affidavits contain placeholders in lieu of the Confidential Documents which the Bank seeks to impound. The Defendant, 275

Washington Street Corp. as it is the Trustee of the Washington Street Realty Trust II (the "Landlord"), assents to the relief requested herein.

IN SUPPORT OF THIS MOTION, the Bank hereby states as follows:

1. In or about February 2011, the parties executed a Stipulated Protective Order governing the handling of confidential information transmitted and/or produced during discovery of this action.

2. The Stipulated Protective Order was filed electronically on February 7, 2011 (Docket No. 55). Judge Gorton endorsed and entered the Stipulated Protective Order (with the additional notation that the order is "subject, specifically, to the provisions of Local Rule 7.2") on March 7, 2011 (Docket No. 56). A true and accurate copy of the endorsed Stipulated Protective Order is attached hereto as Exhibit 1.

3. The Confidential Documents relate to the Bank's efforts to obtain regulatory approval to establish a federal savings bank in Boston. As a result, the Confidential Documents consist of correspondence exchanged between the Bank and federal regulators and other documents which contain confidential and highly sensitive commercial information relating to the Bank and its efforts to obtain regulatory approval. The Confidential Documents are further identified as follows:

> i. ***Exhibit A to the Affidavit of Milton Rodriguez, Jr.***: *Nota* dated June 6, 2007, both in the original Portuguese and in certified English translation;
>
> ii. ***Exhibit B to the Affidavit of Milton Rodriguez, Jr.***: *Nota* dated December 9, 2008, both in the original Portuguese and in certified English translation;
>
> iii. ***Exhibit A-2 to the Affidavit of Kathleen A. Scott***: Confidential exhibit to the March 10, 2008 Application to the Office of Thrift Supervision and the Federal Deposit Insurance Corporation;

  iv. ***Exhibit C to the Affidavit of Kathleen A. Scott***: Confidential list furnished to Kathleen Scott by email from the FDIC on September 30, 3008;

  v. ***Exhibit D-2 to the Affidavit of Kathleen A. Scott***: Confidential exhibit to the January 6, 2009 Application to the Federal Deposit Insurance Corporation; and

  vi. ***Exhibit G to the Affidavit of Charles G. Berry***: The Bank's Responses and Objections to Defendant's Revised First Set of Interrogatories dated December 10, 2010.

4. In light of the confidential and sensitive nature of the Confidential Documents, the Bank has designated/marked the Confidential Documents either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate and in accordance with the Stipulated Protective Order.

5. The Confidential Documents have all been produced during discovery in accordance with the provisions of the Stipulated Protective Order without any objection to their having been marked as confidential. In addition, the Bank has, at all times relevant hereto, treated and maintained the Confidential Documents in a confidential manner.

6. The Bank now submits the Confidential Documents to the Court (under seal) in support of its May 11, 2012 Renewed Motion for Summary Judgment. The Confidential Documents bear directly on the Bank's efforts to obtain regulatory approval, which is the subject of the Bank's Renewed Motion for Summary Judgment. Therefore, the Confidential Documents are both relevant and necessary to the Court's disposition of the Bank's Renewed Motion for Summary Judgment.

7. As a result of the foregoing, there is good cause for the impoundment of the Confidential Documents until further order of the Court. Cf. Local Rule 7.2(a). The

Confidential Documents shall be immediately returned to (or made available for retrieval by) the Bank post-impoundment.  Cf. Local Rule 7.2(c).

8.     No party would be prejudiced by the relief requested herein, and the Landlord assents to the relief requested in this Motion.

WHEREFORE, for all the reasons set forth herein, the Bank respectfully requests that the Court grant this Motion and enter an order impounding the Confidential Documents until further order of the court.

Dated: May 11, 2012

Respectfully submitted,

BANCO DO BRASIL, S.A., Plaintiff,

By its attorneys,

 /s/ Eric F. Eisenberg
Eric F. Eisenberg (BBO 544682)
eeisenberg@haslaw.com
Robert T. Ferguson, Jr. (BBO 670314)
rferguson@haslaw.com
HINCKLEY, ALLEN & SNYDER, LLP
28 State Street
Boston, Massachusetts 02109
(617) 345-9000

 /s/ Charles G. Berry
Charles G. Berry (*Admitted Pro Hac Vice*)
charles.berry@aporter.com
Laura W. Tejeda (*Admitted Pro Hac Vice*)
laura.tejeda@aporter.com
James D. Flynn (*Admitted Pro Hac Vice*)
james.flynn@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1169

CERTIFICATE OF SERVICE

       I hereby certify that, on this 11th day of May, 2012, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

       /s/ Eric F. Eisenberg

# **EXHIBIT 1**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

---------------------------------------------------------- x
BANCO DO BRASIL, S.A.          :
                               :
                Plaintiff,     :
                               :
        - v. -                 :   Civil Action No. 1:09-cv-11343-NMG
                               :
275 WASHINGTON STREET CORP., as it :
is Trustee of WASHINGTON STREET    :
REALTY TRUST II,                   :
                               :
                Defendant.     :
---------------------------------------------------------- x

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain information may be disclosed and produced that constitutes confidential or proprietary research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, the Court finds that good cause exists for the entry of this protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

IT IS HEREBY AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Order shall govern the handling of any information produced or disclosed by any party or non-party (hereinafter "Producing Party") in this action, including, without limitation, Rule 26 disclosures, documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, and testimony (hereinafter "Discovery Material").

1.  Any Producing Party may designate any Discovery Material as "Confidential Material" (hereinafter "Confidential Material") under the terms of this Order if such party believes reasonably and in good faith that it contains sensitive or confidential commercial, proprietary, or privileged information.

2. Any Producing Party may designate any Discovery Material as "Highly Confidential Material" (hereinafter "Highly Confidential Material") under the terms of this Order if such party believes reasonably and in good faith that it contains highly confidential material that involves highly sensitive technical, business or research information, the disclosure of which might harm the business interests of the Producing Party.

3. Confidential Material and Highly Confidential Material shall not be used by the party who received the information (hereinafter "Receiving Party") other than in connection with this Action.

4. The designation of Discovery Material as Confidential Material or Highly Confidential Material for purposes of this Order shall be made in the following manner by the Producing Party:

   (a) In the case of documents, by identifying on the face of the document its designation under this Protective Order, such as by stamping or writing "CONFIDENTIAL MATERIAL" (hereinafter "Confidential Material Designation") or "HIGHLY CONFIDENTIAL MATERIAL" (hereinafter "Highly Confidential Material Designation") on each page so designated;

   (b) In the case of electronically or digitally stored information, by (i) affixing to the electronic or digital version of each page or item so designated, or otherwise tagging it with, the Confidential Material Designation or Highly Confidential Material Designation, and (ii) placing such designation on one side of any computer disk or similar storage device or mechanism containing such electronically or digitally stored information;

(c) In the case of a tangible item, by stamping or writing the Confidential Material Designation or Highly Confidential Material Designation on the face of the tangible item, if practicable, or by delivering to the Receiving Party any accompanying written notice including the appropriate designation;

(d) In the case of interrogatory answers or other written discovery, by placing the Confidential Material Designation or Highly Confidential Material Designation within or immediately adjacent to the answer or response so designated; and

(e) In the case of depositions, by stating on the record that any deposition or portion thereof or exhibit thereto involves or contains Confidential Discovery Material or Highly Confidential Material, or by serving on all parties a written designation by page and line within 30 days after the deposition transcript is received. From the time of the deposition through 30 days after the deposition transcript is received, all deposition transcripts shall be treated as Confidential Discovery Material unless agreed to otherwise. The reporter shall place an appropriate designation on the first page of the deposition transcript and on each page of the deposition transcript so designated. Whenever such designated material is being discussed in a deposition, the Producing Party may exclude from the deposition room any person to whom the designated material is not permitted to be disclosed under this Protective Order.

5. The failure by a Receiving Party to challenge immediately the propriety of a designation of any document or information as Confidential Material or Highly Confidential Material shall not preclude a subsequent challenge to the designation, and shall not be construed as an admission that the document is properly designated.

6. The Receiving Party may object at any time to the Producing Party's designation of any document or information as Confidential Material or Highly Confidential Material by providing written notice to the Producing Party. The Producing Party and Receiving Party shall promptly confer to determine if the objection can be resolved by agreement. If they do not resolve the objection within ten (10) business days from the time of notice pursuant to this paragraph, then the Receiving Party may file a motion to strike the designation. The Producing Party shall bear the burden of justifying continued protection of the materials as designated, in accordance with Rule 26(c)(1) of the Federal Rules of Civil Procedure. In the event such a motion is filed, the material or information shall retain its status as designated until the objection is ruled upon by the Court.

7. The parties agree that the failure by any Producing Party to designate any document, material or information as Confidential Material or Highly Confidential Material shall not constitute a waiver in whole or in part or be used as grounds for estoppel in connection with the Producing Party's designation of such information or documents as confidential in any other proceeding or action.

8. Nothing in this Order (nor a party's designation or non-designation of material) shall be construed in any way as a finding that material designated as Confidential Material or Highly Confidential Material does or does not constitute or contain sensitive or confidential commercial, proprietary or privileged information or matter.

9. If a Producing Party inadvertently and unintentionally produces information or documents that it considers Confidential Material or Highly Confidential Material, whether or not so designated, it may designate such information or documents or parts thereof within fifteen (15) days of discovery of the inadvertent or unintentional disclosure, as follows:

(a) The Producing Party must give written notice to the Receiving Party that the information or documents should be designated Confidential Material or Highly Confidential Material and must furnish additional copies of the information or documents labeled with the proper designation as set forth in Paragraph 4 above; and

(b) After receiving the properly labeled information or documents, the Receiving Party must promptly return all unlabeled copies to the Producing Party, or certify to the Producing Party that all unlabeled copies have been destroyed.

10. Confidential Material or Highly Confidential Material may be disclosed or produced in the manner specified in this Order in:

  (a) responses to document requests and interrogatories;

  (b) depositions, including exhibits thereto;

  (c) admissions;

  (d) all papers served in the action; and

  (e) the course of trial or other Court hearings.

11. Confidential Material and Highly Confidential Material may be used in connection with the examination by deposition of any witness. The witness shall not retain any Confidential Material or Highly Confidential Material used during the deposition. If a deposition witness is to read and sign a deposition transcript that includes or refers to Confidential Material or Highly Confidential Material, he or she shall make no copy, notes, or other record of any of that material or the portion of the transcript referring to such material.

12. Consistent with the Local Rules, discovery responses, including deposition transcripts, shall not routinely be filed with the Court.

13.  No Confidential Material or Highly Confidential Material shall be filed with the Court except in accordance with this Order and Local Rule 7.2.

14.  No copies of any Confidential Material or Highly Confidential Material shall be made except to the extent reasonably necessary for use in the litigation of this action.

15.  Discovery Material designated as Confidential Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to:

(a)  in-house personnel of any party in connection with this litigation, who are working on or have supervisory responsibility for the matter;

(b)  in-house counsel and outside counsel for each party to this litigation and litigation-support employees whose function in connection with this litigation require access to such material;

(c)  witnesses or potential witness (and their counsel), provided that such individuals shall not be allowed to retain such material but may inspect them as necessary for purposes of preparation for examination;

(d)  experts or consultants retained or engaged by any party in connection with this litigation (hereinafter "Consultants");

(e)  persons other than Consultants specially retained to assist a party's counsel in preparation of this action for trial who are not in the employ of any party of this action, including, but not limited to, independent auditors, accountants, and the employees of such persons;

(f)  judicial officers and court personnel, including stenographic reporters, and any mediators engaged in connection with this lawsuit;

(g) commercial photocopying and document processing firms and graphics or design services used by the parties and their counsel in connection with this action;

(h) the parties' insurers, auditors and accountants, and the counsel for such entities, but only to the extent that any such persons are assisting in this litigation or otherwise have a legitimate business need for access to the material; and

(i) a person to whom a facially lawful subpoena or equivalent process or order compels disclosure, but only after compliance with Paragraph 18 below.

16. Discovery material designated as Highly Confidential Material may be disclosed, summarized, described, or otherwise communicated or made available in whole or in part *only* to those individuals described in sub-paragraphs 15(b), 15(d), 15(f), 15(h) and 15(i) above, but may *not* be disclosed, summarized, described, or otherwise communicated or made available in whole or in part to those individuals described in sub-paragraphs 15(a), 15(c), 15(e) or 15(g).

17. Counsel for each party, prior to disclosing any Confidential Material or Highly Confidential Material to any of the above-described persons, shall provide that person with a copy of this Order and shall advise that person that he or she shall not disclose such material to any other person and that violation of this Order may subject such person to the sanctions of the Court. Counsel for the party making such disclosure shall also be responsible for ensuring that each such person executes an Undertaking to be bound by this Order, in the form attached hereto. If such material is to be disclosed during a deposition, the agreement to be bound by this Order and subject to jurisdiction may be made on the record and under oath, rather than in a written Undertaking.

18. In the event any person or entity bound by this Order receives a facially lawful subpoena or equivalent process or order compelling disclosure, or a discovery demand in another

7

action demanding disclosure, of Confidential Material or Highly Confidential Material, the recipient shall give prompt telephonic and written notice thereof to the Producing Party and its counsel of record, so that the Producing Party may interpose a timely objection or take any other action to protect its interests in the subject of the Confidential or Highly Confidential Material.

19. Counsel for any party or non-party who obtains or gains access to any Confidential or Highly Confidential Material -- whether directly or indirectly, by viewing the materials or by learning of their contents by other disclosure or any means -- shall maintain, possess and control such materials in accordance with the provisions of this Order and in a manner such that it is not accessible to individuals not permitted by this Order. Such counsel shall not, in any way, directly or indirectly, communicate information contained in Confidential Material or Highly Confidential Material to persons not authorized to have access to such information.

20. Nothing in this Order shall prevent a Producing Party from agreeing to release any such information from all or some of the requirements of this Order. The Producing Party may enter into a written stipulation with a Receiving Party permitting greater disclosure than this Order otherwise permits, and the terms of such a stipulation shall be obeyed, subject to any modification by the Court or further stipulation by the relevant parties. To the extent that such a stipulation does not expressly set aside or modify the application of any provision of this Order, that provision shall continue to govern.

21. All documents and information designated by any party as Confidential Material or Highly Confidential Material shall be maintained by the parties to this action in a confidential manner and may be used in connection with this action and any directly related appeals in

accordance with this Order, but may not be used or disclosed in any other litigation, or for any other purpose whatsoever.

22. Should any Confidential Material or Highly Confidential Material be disclosed through inadvertence or otherwise to any person or party not authorized to receive it under this Order, then the disclosing party shall promptly: (a) inform such person of the provisions of this Order; (b) advise the Producing Party of the identity of the materials so disclosed and the identity of the person(s) to whom it was disclosed; and (c) make all reasonable efforts to retrieve all copies of the inadvertently disclosed materials.

23. This Order shall not prevent any party hereto from applying to the Court for other or further protective orders or for modifications to this Order. The parties should first seek to reach agreement on any modification to this Order, and any such agreed-upon modification should be submitted to the Court for approval.

24. Nothing herein shall prohibit a party or its counsel from disclosing a document that contains Confidential Material or Highly Confidential Material to any person who is an author, addressee, or original recipient of such document. Neither prior consent nor an Undertaking is required to make such a disclosure.

25. This Order shall not impair:

(a) any party's right to object to any discovery request on any ground;

(b) any party's right to seek an order compelling discovery with respect to any discovery request;

(c) any party's right at any proceeding herein to object to the admission of any evidence on any ground;

(d) any party's right to disclose or use in any way material that the party produced and that the party designated as Confidential Material or Highly Confidential Material; or

(e) counsel's ability to advise a party about issues in this case, or any other issues relating to case strategy.

26. In the event that additional parties join or are joined in this litigation, they shall not have access to Confidential Material or Highly Confidential Material until the newly-joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or a subsequent protective order entered by the Court.

27. Nothing herein shall bar any person or party from the unrestricted use, dissemination, publication or disposition of any document or information obtained from public sources.

28. Nothing herein shall constitute:

(a) an agreement to produce any documents or supply information or testimony in discovery not otherwise agreed upon or required by a court order;

(b) a waiver of any right to object to any discovery request in this proceeding or any other action; or

(c) a waiver of any claim of privilege or immunity with regard to any testimony, documents or information.

29. In the event that an Confidential Material or Highly Confidential Material is used in any trial, hearing or other court proceeding in this litigation or any appeal therefrom, said material shall not lose its protected status through such use. Counsel shall confer with the Court on such procedures as are necessary to protect the confidentiality of any documents, information

and transcripts used in the course of any such proceedings. However, nothing in this Order shall restrict the right of any party to use any evidence at any trial, hearing or other court proceeding in this litigation or any appeal therefrom.

30. The provisions of this Order shall continue in full force and effect with respect to any and all Confidential Material and Highly Confidential Material until expressly released by the Producing Party, and such effectiveness shall survive to, through, and after any appeal and any final determination or other resolution of this lawsuit in whole or in part.

31. All persons and entities subject to this Order shall attempt in good faith to avoid needless controversy or delay. A party or entity that has produced Confidential Material or Highly Confidential Material has the right to seek any appropriate remedy and/or sanction from the Court for any violations of this Order.

32. If a Producing Party, through inadvertence, produces any document or information it believes is immune from discovery pursuant to the attorney-client privilege or work product protection, such production shall not be deemed a waiver of any privilege, and the Producing Party may give written notice (within 10 days of discovery of the inadvertent production) to the Receiving Party that the document or information produced is considered privileged and requesting the return of said document or information. Upon receipt of such notice, the Receiving Party shall return to the Producing Party the original and destroy all copies or other materials containing excerpts or summaries of the document. The return of the document(s) and/or information to the producing party shall not preclude the Receiving Party from later moving the Court to compel production of the returned documents and/or information on any basis other than waiver due to the inadvertent disclosure of privileged material.

33. Within sixty (60) days of the conclusion of this proceeding, and the expiration or exhaustion of all rights or appeal, each Receiving Party shall return all Confidential Material and Highly Confidential Material in its possession, including copies, prints, summaries and other reproduction thereof in the possession of the Receiving Party, its counsel, and any other person who has received such documents, to counsel for the Producing Party from whom such material was originally obtained. In lieu of returning such materials counsel for the Receiving Party may certify in writing that all copies, prints, summaries and other reproductions of Confidential Material or Highly Confidential Material in their possession, or in the possession of the Receiving Party they represent, have been destroyed. Each party may maintain one set of pleadings and trial exhibits for its records, consistent with the terms of this Protective Order. Subject, specifically, to the provisions of Local Rule 7.2.

IT IS SO ORDERED.

Dated: 3/7/11

_____
U.S.D.J.
The Honorable Nathaniel M. Gorton

HINCKLEY, ALLEN & SNYDER LLP

_____
Eric F. Eisenberg, BBO #544682
28 State Street
Boston, MA 02109-1775
(617) 345-9000
eeisenberg@haslaw.com
*Attorneys for Plaintiff, Banco do Brasil, S.A.*

_____
Charles G. Berry
Laura W. Tejeda
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000
charles.berry@aporter.com
*Attorneys Pro Hac Vice for Plaintiff*

COOLEY MANION JONES LLP

_____
Nicholas D. Stellakis, BBO # 644981
21 Custom House Street
Boston, Massachusetts 02110
(617) 670-8518
nstellakis@cmjlaw.com
*Attorneys for Defendant, 275 Washington Street Corp., as it is Trustee of Washington Street Realty Trust II*

12

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

------------------------------------------------------- x
BANCO DO BRASIL S.A.,

               Plaintiff,

  - v. -

                                    Civil Action No. 1:09-cv-11343-NMG

275 WASHINGTON STREET CORP., as it is
Trustee of WASHINGTON STREET REALTY
TRUST II,

               Defendant.

------------------------------------------------------- x

## UNDERTAKING

The undersigned acknowledges that I have read the Stipulated Protective Order in the above-captioned action, that I understand its terms, that I agree to be bound by its terms, that I consent to the jurisdiction of the United States District Court for the District of Massachusetts for all purposes related to the enforcement of the Stipulated Protective Order and this Undertaking, and that I understand that a violation of the Stipulated Protective Order may constitute a contempt of Court.

Date:_____      Signature: _____