**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **BANCO DO BRASIL, S.A.,** | : |
| **Plaintiff,** | : |
| **v.** | : **Civil Action No. 1:09-cv-11343-NMG** |
| **275 WASHINGTON STREET CORP., as it is the Trustee of the WASHINGTON STREET REALTY TRUST II,** | : |
| **Defendant.** | : |

**MOTION FOR CONTINUANCE OF TRIAL DATE AND**
**ADJOURNMENT OF OTHER PRETRIAL DEADLINES**

Pursuant to Rule 40.3 of the Local Rules of this Court, Plaintiff Banco do Brasil, S.A. (the "Bank" or "Banco do Brasil"), by and through its undersigned attorneys, respectfully requests that the Court issue an Order continuing the trial date in this case presently fixed for Monday, August 6 at 9:00 a.m., and adjourning the related final pretrial deadlines, due to a medical emergency affecting the Bank's lead trial counsel, Charles G. Berry, who has appeared herein *pro hac vice*.

IN SUPPORT OF THIS MOTION, Banco do Brasil states as follows:

Mr. Berry tore his right Achilles tendon badly on Sunday, July 15, was advised by his orthopedic surgeon on Monday, July 16, that he should undergo an operation to mend it as soon as possible, and is scheduled to have that operation tomorrow, July 18. The recuperation period requires bed rest for a few days, and limited mobility and staying off one's feet for about three weeks, as well as physical therapy for a considerably longer period. Mr. Berry's orthopedic surgeon, David W. Altchek, M.D. of the Hospital for Special Surgery in New York City, has

advised that Mr. Berry should stay off his feet for three weeks and will not be in condition to conduct a trial during the week of August 6.  Mr. Berry is expected to require a protective boot for several weeks and to continue using crutches for some weeks after that.  Accordingly, his mobility is expected to be impaired for six weeks.  The full recovery period is much longer (four to five months), but Mr. Berry should be able to participate in a trial after six weeks, or about after three weeks from the presently scheduled trial date of August 6.

Attached as Exhibit A is a copy of a medical certificate from Mr. Berry's orthopedic surgeon, Dr. Altchek, confirming the statements above and his advice that Mr. Berry should not participate in a trial starting August 6.

Mr. Berry is the lead trial counsel and the only lawyer for the Bank who is prepared to serve as such.  He was admitted *pro hac vice* in October 2010 for the express purpose of serving as lead trial lawyer, and his involvement as such is essential to the presentation of the Bank's case.  He is thoroughly familiar with the facts in the case and since his appearance has supervised all work for the Bank on the case, conducted and defended the primary pretrial depositions, and taken the lead in all court appearances and proceedings.

In addition to the August 6, 2012 date for commencement of the non-jury trial herein, the following are other deadlines that the Bank respectfully requests be adjourned:

a)     Submission of exhibit/witness lists, Monday, July 23;

b)     Responses to motions in limine, Wednesday, July 25;

c)     Objections to exhibit/witness lists, Monday, July 30;

d)     Proposed findings of fact and conclusions of law, Monday, July 30;

e)     Proposed pretrial memorandum, if any, Monday, July 30;

f)     Final pretrial conference, Wednesday, August 1, at 11:00 a.m.

The Bank further notes that before trial the parties need to conduct depositions, in Boston, of expert witnesses whose signed reports were exchanged last week.  As lead trial counsel, Mr. Berry is needed to take and defend those depositions, but he will not be able to do so in the next few weeks.

Counsel for the Bank is prepared to confer with the Court and/or its scheduling clerk about adjourned dates that are available for the Court and lead trial counsel for  275 Washington Street Corp., as it is the Trustee of the Washington Street Realty Trust II.

### Local Rule 7.1(a) Certification

Pursuant to Local Rule 7.1(a) of the Local Rules of the United States District Court for the District of Massachusetts, the Bank, by its undersigned counsel, hereby certifies that it has conferred with opposing counsel and attempted in good faith to resolve or narrow the areas of disagreement, in both email correspondence and telephonic conferences on July 17, 2012. However, opposing counsel refused to assent to this motion unless the Bank agreed not to designate any additional expert witnesses.  The Bank cannot agree to that condition because just this morning Mr. Berry received by mail letters sent by opposing counsel challenging the ability of two of the Bank's experts to testify at trial, although opposing counsel has been aware of the Bank's retention of those experts since June 15, 2012.

/s/ Charles G. Berry

WHEREFORE, in light of the medical necessity of Mr. Berry's operation and his condition during the weeks immediately following, Plaintiff Banco do Brasil respectfully requests that the Court continue the trial presently scheduled for August 6, 2012, and adjourn the other current deadlines accordingly.

- 4 -

Dated:  July 17, 2012

Respectfully submitted,

BANCO DO BRASIL, S.A.,

By its attorneys,

/s/ Eric F. Eisenberg
Eric F. Eisenberg, BBO #544682
eeisenberg@haslaw.com
HINCKLEY, ALLEN & SNYDER, LLP
28 State Street
Boston, Massachusetts 02109
(617) 345-9000

- and -

/s/ Charles G. Berry
Charles G. Berry (*Admitted Pro Hac Vice*)
James D. Flynn (*Admitted Pro Hac Vice*)
Daniel Bernstein (*Admitted Pro Hac Vice*)
charles.berry@aporter.com
james.flynn@aporter.com
daniel.bernstein@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
(212) 715-1000

- 5 -

**CERTIFICATE OF SERVICE**

I hereby certify that the above document was filed through the ECF system for electronic service to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants (if any) on July 17, 2012.

/s/ James D. Flynn
James D. Flynn