**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

| | | |
|---|---|---|
| **BANCO DO BRASIL, S.A.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:09-cv-11343-NMG** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **275 WASHINGTON STREET CORP.,** | ) | |
| **as it is Trustee of WASHINGTON** | ) | |
| **STREET REALTY TRUST II,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

### DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF TRIAL DATE AND ADJOURNMENT OF OTHER PRETRIAL DEADLINES

Defendant, 275 Washington Street Corp., as Trustee of Washington Street Realty Trust II (the "Trust"), hereby files this limited opposition to plaintiff Banco do Brasil, S.A.'s (the "Bank's") motion for continuance of trial date and adjournment of other pretrial deadlines. The Trust states as follows:

1.     Based on the medical emergency affecting the Bank's lead trial counsel, Charles G. Berry, the Trust does not oppose a continuance of the trial date and an adjournment of the other pretrial deadlines. The Bank has requested that all of the pretrial deadlines be adjourned, except the filing of motions *in limine*, which are due to be filed on July 18, 2012. If the Court grants the Bank's motion, the Trust requests that the date for filing motions *in limine* also be adjourned.

2.     If the trial date is continued, the Trust also requests that the Court order that no further expert witnesses shall be named be either party. To date, the Bank has named three

expert witnesses and served their expert reports last week.[1]  The Trust has named one expert witness who will testify at trial.

3.      Given that the trial in this matter is scheduled to be tried in less than three weeks and motions *in limine* are due to be filed tomorrow, it would be patently unfair to the Trust to grant the Bank's request to continue the trial and, at the same time, allow the Bank to name additional expert witnesses.  The Trust is prepared to try this case now and does not want to spend additional time and incur additional expense preparing for yet another expert that the Bank may wish to disclose prior to a new trial date.

WHEREFORE, the Trust does not object to the Bank's motion for continuance of the trial date and adjournment of the other pretrial deadlines.  However, the Trust respectfully requests that the Court (a) also adjourn the deadline for filing motions in *limine* and (b) enter an Order prohibiting the parties from naming any expert witnesses that have not been disclosed prior to July 17, 2012.

---

[1] The Trust notes that the Bank's statement that the Trust has been aware of the Bank's expert witnesses since June 15, 2012 is not complete.  While the Bank, on June 15, 2012, did file affidavits from two individuals in connection with its reply memorandum in support of its motion for summary judgment, the Bank (despite several requests from the Trust) did not serve expert reports confirming that these witnesses would testify at trial until last week.

- 3 -

Respectfully submitted,

275 WASHINGTON STREET CORP.,
as it is Trustee of WASHINGTON
STREET REALTY TRUST II

By its attorneys,

/s/ William F. Benson
Paul E. White (BBO #549584)
white@srbc.com
William F. Benson (BBO #646808)
benson@srbc.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA  02114
Tel:  (617) 227-3030

Dated:  July 17, 2012

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed through the ECF system for electronic service to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants (if any) on July 17, 2012.

/s/ William F. Benson
William F. Benson

444924

- 3 -