**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

_____

| | | |
|---|---|---|
| **BANCO DO BRASIL, S.A.** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 1:09-cv-11343-NMG** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **275 WASHINGTON STREET CORP.,** | ) | |
| **as it is Trustee of WASHINGTON** | ) | |
| **STREET REALTY TRUST II,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY IN FURTHER SUPPORT OF ITS MOTION FOR CONTINUANCE OF TRIAL DATE AND ADJOURNMENT OF OTHER PRETRIAL DEADLINES**

Defendant, 275 Washington Street Corp., as Trustee of Washington Street Realty Trust II (the "Trust"), hereby files this opposition to plaintiff Banco do Brasil, S.A.'s (the "Bank's") motion for leave to file a reply memorandum in further support of its motion for continuance of the trial date and adjournment of other pretrial deadlines.  In support of this opposition, the Trust states as follows:

1.      The Trust, as a matter of professional courtesy, has agreed to a continuance of the trial date.  With trial scheduled for August 6, 2012, it would be unfair for the Bank to use this continuance as a tactical advantage by retaining additional experts who have not previously been disclosed.

2.      When it filed its motion for a continuance, the Bank was aware of the Trust's position that the Bank should not be allowed to use any continuance of the trial date allowed by this Court for tactical purposes.  Specifically, the Trust advised the Bank concerning its position that no additional experts should be named simply because Attorney Berry is not able try this

- 2 -

case on August 6, 2012.  Because the Bank was aware of the Trust's position before it filed its original motion, a reply memorandum is not warranted.

3.    If the trial date is continued to accommodate Mr. Berry's situation (and the Trust has willingly agreed to such a continuance), the status quo in this case should be preserved.  The Bank has three experts whose reports were served just last week.  The Trust has one expert.  It is far too late to be naming any new experts, by replacement of existing experts who are excluded by the Court in ruling on motions *in limine*, or otherwise.  Contrary to the Bank's statements in its purported reply, the Trust was not required to file motions *in limine* challenging the Bank's experts until today, July 18, 2012.  Unless the Court allows the adjournment of this date, the Trust will file its motions *in limine* later today.  The Bank should not be allowed to use any continuance of the trial date to remedy its decision to retain experts who may be excluded from testifying at trial.

4.    The Trust does not object to postponing the date for filing of objections to Magistrate Dein's recent decision recommending that the Bank's motion for summary judgment be denied and that this case proceed to trial.

WHEREFORE, the Bank's motion for leave to file a reply memorandum should be denied.

- 3 -

Respectfully submitted,

275 WASHINGTON STREET CORP.,
as it is Trustee of WASHINGTON
STREET REALTY TRUST II

By its attorneys,

/s/ William F. Benson
Paul E. White (BBO #549584)
white@srbc.com
William F. Benson (BBO #646808)
benson@srbc.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA  02114
Tel:  (617) 227-3030

Dated:  July 18, 2012

## CERTIFICATE OF SERVICE

I hereby certify that the above document was filed through the ECF system for electronic service to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants (if any) on July 18, 2012.

/s/ William F. Benson
William F. Benson

444943