UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BANCO DO BRASIL, S.A.,

      Plaintiff

      v.

275 WASHINGTON STREET CORP.,
as it is the Trustee of the WASHINGTON
STREET REALTY TRUST II,

      Defendant

CIVIL ACTION NO. 09-11343-NMG

### DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM PRESENTING EVIDENCE CONCERNING EVENTS THAT OCCURRED AFTER AUGUST 29, 2009

Defendant and Plaintiff-in-Counterclaim, 275 Washington Street Corp, as Trustee of Washington Street Realty Trust II (the "Trust"), hereby files this motion in limine to preclude the plaintiff, and defendant-in-counterclaim Banco do Brasil, S.A. (the "Bank") from presenting evidence concerning events that occurred after August 29, 2009.

The central issue to be decided at trial is whether the Bank breached the implied covenant of good faith and fair dealing contained in the parties' lease by failing to use reasonable efforts to obtain the required regulatory approval – approval by the Office of Thrift Supervision ("OTS") within one year of the signing of the lease – for operating a de novo federal savings bank at the leased location.  Because the one year period for obtaining regulatory approval from the OTS expired on August 29, 2009, the Bank has taken the position that evidence at trial concerning events occurring after that date is relevant to whether the Bank used reasonable efforts prior to August 29, 2009.  However, by taking this position in discovery and having thwarted the Trust's efforts to perform discovery on post-August 2009 events, the Bank should be precluded from presenting

such evidence at trial.

## BACKGROUND FACTS

### The Lease and Regulatory Approval from the OTS

In a Lease dated August 29, 2008, the Trust leased to the Bank certain premises located on the first floor of 227-275 Washington Street for use as a high quality, full service retail branch banking facility.  A copy of the Lease is attached to the Bank's Verified Complaint at Exhibit A.  Because the Bank was a foreign bank and was not yet licensed to conduct its desired federal savings bank activities in this country, the parties negotiated special provisions describing the "Regulatory Approval" the Bank represented it needed before opening a branch for business.  Specifically, Section 3.2 of the Lease describes this Regulatory Approval as approval "from the U.S. Treasury Office of Thrift Supervision for Tenant or its direct or indirect subsidiary, Banco do Brasil, FSB, to operate a branch bank in the demised premises as a federal savings bank."  The Lease also provides for an early termination of the Lease by either party in certain specified circumstances if this Regulatory Approval was not granted.  Specifically, Section 6.5 of the Lease provides, in relevant part:

> If Regulatory Approval has not been obtained within one (1) year from the date of this lease, then, subject to the following enumerated conditions, Landlord and Tenant each shall have the right to elect to terminate this lease by notice given to the other within sixty (60) days after the end of such one-year period and prior to obtaining Regulatory Approval.

Thus, the Bank needed to obtain regulatory approval from the Office of Thrift Supervision ("OTS") by August 29, 2009.

2

## ARGUMENT

### The Bank Should Be Precluded From Presenting Evidence Concerning Events that Occurred After August 29, 2009

Based on the materials that the Bank filed in connection with its renewed motion for summary judgment, the Bank intends to present evidence at trial concerning events that occurred after August 29, 2009.  Among other things, the Bank intends to present evidence that (a) the Federal Reserve Board, in April 2010, approved the Bank's application for financial holding company status, which application was not necessary to obtain regulatory approval from the OTS or to establish a de novo federal savings bank and (b) the Bank's Board of Directors terminated its plans for a de novo federal savings bank in October 2010.  Further, the Bank has recently submitted expert reports indicating that its experts intend to rely on post-August 2009 events.  *See* Barnes Report at ¶ 20-21; Kelsey Report at ¶ 26, 56; Schott Report at ¶ 22.[1]

Throughout the course of discovery, however, the Bank objected to producing any documents concerning events after August 29, 2009.  *See* Bank's Responses and Objections to Defendant's Revised First Requests for Production of Documents, General Objection No. 2 ("The Bank objects to the Requests to the extent they are not limited in time or seek documents or information prior to January 1, 2007 or after August 29, 2009 . . ."), attached hereto at Exhibit 1.  Moreover, in connection with a third-party subpoena that the Trust issued to McKinsey & Company, the Bank took the same position and, before documents were provided to the Trust, the Bank redacted the documents produced by McKinsey that contained information about post August 2009 events.  The Bank should not now be allowed to present evidence at trial concerning events that occurred

---

[1] Copies of these expert reports are attached as Exhibits C, D, and E to the Trust's Motion in Limine to Preclude Plaintiff from Calling Expert Witnesses.

after August 29, 2009 where it refused to produce documents concerning events that occurred after that date thereby preventing the Trust from performing discovery on those subjects.  The Trust will be severely prejudiced if the Bank is now allowed to present such evidence.

## CONCLUSION

For the foregoing reasons, the Trust respectfully requests that the Bank be precluded from offering evidence at trial concerning events that occurred after August 29, 2009.

> Respectfully submitted,
>
> 275 WASHINGTON STREET CORP., as it is the Trustee of the WASHINGTON STREET REALTY TRUST II,
>
> By its attorneys,
>
> /s/ William F. Benson
> Paul E. White (BBO #549584)
> white@srbc.com
> William F. Benson (BBO #646808)
> benson@srbc.com
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street
> Boston, MA  02114
> Tel:  (617) 227-3030

Dated:  July 18, 2012

### CERTIFICATE OF SERVICE

I, William F. Benson, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 18, 2012.

> /s/ William F. Benson
> William F. Benson

444744

4