THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| BANCO DO BRASIL, S.A. | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:09-cv-11343-NMG |
| | ) | |
| v. | ) | |
| | ) | |
| 275 WASHINGTON STREET CORP., | ) | |
| as it is Trustee of WASHINGTON | ) | |
| STREET REALTY TRUST II, | ) | |
| | ) | |
| Defendant. | ) | |

_____)

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM NAMING
ANY ADDITIONAL EXPERT WITNESSES PRIOR TO TRIAL**

Defendant, 275 Washington Street Corp., as Trustee of Washington Street Realty Trust II

(the "Trust"), hereby files this motion *in limine* to preclude the plaintiff Banco do Brasil, S.A.

(the "Bank") from naming any additional expert witnesses prior to trial.  In support of this

motion, the Trust states as follows:

1.      On April 12, 2012, the Court issued an electronic order setting a trial date for

August 6, 2012 and requiring that all motions *in limine* be filed by July 16, 2012.  The parties

filed a joint motion extending the date to file motions *in limine* to July 18, 2012, which motion

was allowed by the Court.

2.      The Bank has served expert reports for three witnesses.  The Trust has filed a

motion to preclude these witnesses from testifying at trial or, in the alternative, precluding them

from offering certain opinions at trial.

3.      Because trial is scheduled to commence on August 6, 2012 (less than three weeks

away), the Bank should be precluded from naming any additional experts to testify at trial.  Even

if the Court allows the Trust's motion to preclude the Bank's current experts, it is far too late to

be naming any new experts and any new experts will hamper the Trust's ability to properly prepare for trial.  Further, the Trust should not be forced to spend additional time and incur additional expense preparing for yet another expert that the Bank may wish to disclose prior to trial.

4.       The naming of any additional new experts also runs afoul of Fed. R. Civ. P. 26(b)(2).  For this reason, the Bank should be precluded from naming any additional expert witnesses.  *See Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este,* 456 F.3d 272, 277-78 (1st Cir. 2006) ("district court did not abuse its discretion in ruling that plaintiff's failures to timely disclose the identity of her expert and to furnish a proper expert witness report were both substantially unjustified and harmful").

WHEREFORE, the Trust respectfully requests that the Bank be precluded from naming any expert witnesses that have not been disclosed prior to July 17, 2012.

Respectfully submitted,

275 WASHINGTON STREET CORP.,
as it is Trustee of WASHINGTON
STREET REALTY TRUST II

By its attorneys,

/s/ William F. Benson
Paul E. White (BBO #549584)
white@srbc.com
William F. Benson (BBO #646808)
benson@srbc.com
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA  02114
Tel:  (617) 227-3030

Dated:  July 18, 2012

- 2 -

- 3 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the above document was filed through the ECF system for electronic service to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants (if any) on July 18, 2012.

/s/ William F. Benson
William F. Benson

444969

- 3 -